**U N I T E D   S T A T E S   D I S T R I C T   C O U R T**
**D I S T R I C T   O F   N E W   J E R S E Y**



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
JUDGE

**LETTTER OPINION**

August 4, 2010


David A. Holman, Esq.
Office of the Federal Public Defender
972 Broad Street
Newark, NJ 07102
david_holman@fd.org

Matthew Evan Beck, Esq.
Office of the U.S. Attorney
970 Broad Street (Suite 700)
Newark, NJ 07102
matthew.beck2@usdoj.gov


    RE: *United States v. Hector Merced*
        Criminal Number 2:08-cr-000725


Dear Counsel and Mr. Merced:

    **PROCEDURAL HISTORY**. On or about June 27, 2007, Defendant Hector Merced sold 49.1 grams of cocaine to an undercover police officer. On or about January 14, 2008, he was arrested. On October 15, 2008, Merced entered into a plea agreement. He pled guilty to distributing and possessing with intent to distribute five grams or more of cocaine base in violation of *21 U.S.C. § 841(a)* and *b(1)(B)*. This Court had the benefit of a pre-sentence report ("PSR") that initially calculated the Defendant's base offense level as 28 and his criminal history category as VI. Because of the Defendant's prior state law convictions, the PSR designated Defendant a career offender under *U.S.S.G. § 4B1.1*, also known as the Career Offender Guideline or provision, which brought the Defendant's offense level up to 34. After a reduction for acceptance of responsibility, *§ 3E1.1*, the PSR determined his offense level at 31. U.S.S.G. § 4B1.1(b). His combined offense

level and criminal history category yielded an advisory Sentencing Guidelines range of 188 to 235 months. Absent the Career Offender Guideline, and applying the cocaine base to powder ratio now in the Guidelines, his base level would have been 28, his adjusted offense level 25, and his Guideline range 110 to 137 months. Applying a 20:1 cocaine base-to-powder ratio as approved by the Supreme Court of the United States in *Kimbrough v. United States*, 552 U.S. 85 (2007), his offense level would drop from 25 to 23, and his Guidelines sentence range would have been 92 to 115 months. On February 24, 2009, this Court sentenced Defendant to 60 months of imprisonment, the statutory minimum. *See United States v. Merced*, 603 F.3d 203, 208-10 (3d Cir. 2010) (Smith, J.); 603 F.3d at 226 (Ambro, J., concurring); *see also* Beck Memorandum 11 (Feb. 4, 2009).

On appeal, the Third Circuit vacated the sentence and remanded for re-sentencing, and concluded that this Court made two errors. First, this Court failed to explain whether it had sentenced Merced pursuant to a variance based on a policy disagreement with the Career Offender Guideline and to explain the scope of that disagreement. Second, this Court failed to analyze a relevant sentencing factor, *§ 3553(a)(6)*, dealing with the risk of unwarranted sentencing disparities between Merced and similarly situated recidivist crack cocaine dealers. *See Merced*, 603 F.3d at 225.

On further reflection, this Court takes note that its prior sentence did not properly take into account Merced's recidivism. For that reason and for reasons the Court will proceed to explain, Merced will be sentenced to a term of imprisonment of 92 months. This sentence varies from the Career Offender Guideline and sentences Merced to the bottom of the sentencing range using the 20:1 ratio approved in *Kimbrough*. This sentence represents a 32 month increase over its initial sentence and applies the developed decisional law in the Third Circuit's remand opinion. By way of a preliminary remark, the Court notes that this 32 month increase in sentence, nearly 3 years over the statutory minimum and above the Court's original sentence, will accomplish the objectives of Section 3553(a), including deterrence of the offender and other recidivist offenders, by imposing a significantly harsher sentence on him than that which a first time offender would have received in otherwise similar circumstances.

**SENTENCING PROCEDURE**. District courts are to follow a three-step sentencing process. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). *First*, the court must calculate a defendant's Guidelines sentence. *Second*, the court must rule on the motions of both parties and state whether they are granting a departure and

how that departure affects the Guidelines calculation. *Third*, the court will exercise its discretion by considering the relevant *§ 3553(a)* factors in setting the sentence regardless of whether it varies from the sentence calculated under the Guidelines.

*Step 1.* As already explained, Merced's offense level is a 31; his criminal history category is VI. Under the Career Offender Guideline, the sentencing range is 188 to 235 months.

*Step 2.* The Court has considered several departures suggested by Defendant or otherwise approved under settled law. Per *Kimbrough*, the Court has determined that the cocaine base-to-powder ratio incorporated in the Guidelines does not reflect the institutional role of the Sentencing Commission and therefore the Court will use a 20:1 ratio. In arriving at this determination the Court has carefully considered the arguments of the parties. *See* Matthew E. Beck & John F. Romano, Ass't U.S. Attorney, Memorandum (June 14, 2010); David A. Holman & Louise Arkel Memorandum (undated).

*Proposed Departure: 20 to 1 Ratio*. Defendant requests imposition of a sentence below the ratio now incorporated into the Guidelines and below the 20:1 ratio expressly approved (but not mandated) by the Supreme Court in *Spears v. United States*, 129 S. Ct. 840 (2009). Defendant recommends the Court's making use of a 1:1 ratio, which absent the 60 month statutory minimum and absent the Career Offender Guideline would lead to a sentencing range of 30 to 37 months, a punishment well below the statutory minimum.[1] The Court declines to go this far and adopts a 20:1 ratio. *Spears*, 129 S. Ct. at 844 ("Here, the District Court's choice of replacement ratio was based upon two well-reasoned decisions by other courts, which themselves reflected the Sentencing Commission's expert judgment that a 20:1 ratio would be appropriate in a mine-run case."). The Court also notes that the increased penalty flowing from the 20:1 ratio has the effect of imposing a 32 month sentence above the statutory minimum. This functions as a proxy to punish Merced as a recidivist in lieu of use of the Career Offender Guideline. The Court further notes that this *increase* in punishment is *greater than* the longest period of time already served by Merced for a single sentence.

*Proposed Departure: The Career Offender Guideline*. The gravamen of Defendant's position is that U.S.S.G. § 4B1.1 works

---

[1] It should go without saying that the Court does not have discretion to impose a sentence below the statutory minimum using the 1:1 ratio (or using any other ratio for that matter).

an inequity between, on the one hand, those recidivists who are significant drug traffickers or drug kingpins, particularly upper echelon decision-makers profitably importing or distributing great quantities of drugs into the United States, across international borders, and presenting genuine flight risk because of their foreign connections (or because they reaped very substantial profits from large transactions), and, on the other hand, low level street dealers (*such as Merced*), and it works a further inequity between, on the other hand, those whose prior crimes are violent or involve guns, and, on the other hand, those whose prior crimes were consensual drug deals (*such as Merced's*) posing little risk to bystanders. The argument is that the inequity of treating these dissimilar defendants similarly, is not only unfair, but substantially undermines the policy goals of Section 3553(a). Although there is some legislative history supporting these distinctions as part-and-parcel of Congress' intent, the relevant statute's text, 28 U.S.C. § 994(h), does not expressly reflect these distinctions and neither does the Commission's Career Offender Guideline. *United States v. Whyte*, 892 F.2d 1170 (3d Cir. 1989). Congress has the power to treat these arguably dissimilar cases similarly, and that appears to be what is has done here. Therefore, Defendant's position is not "sufficiently compelling" to support a policy-based departure, and this is particularly true, where, as here, even Defendant concedes that there are many cases deserving of enhanced sentences under the Career Offender Guideline. *See* Holman & Arkel Memo. at 20. Thus, Defendant's challenge to the provision is more of an as-applied, rather than a facial, challenge to U.S.S.G. § 4B1.1, and it will be scrutinized in further detail when addressing a variance based on Defendant's specific circumstances rather than a policy-based departure.

*Other Proposed Departures*. Defendant has also asked for a departure below a Guidelines recommended sentence even absent application of the Career Offender Guideline. The Court notes that Merced is subject to a 60 month statutory minimum, even absent the Guidelines. As the Third Circuit explained any such sentence would create disparity vis-à-vis first time offenders. It would seem to follow that absent a compelling reason, Merced's sentence must be greater than 60 months in order to deter would-be repeat offenders, such as Merced, even if not imposing the sentence authorized by the Career Offender provision.

*Step 3: 3553(a) Factors and Grounds For Variance In This Case*. In imposing a sentence, a court also considers the factors set forth in 18 U.S.C. § 3553(a), with a goal of not imposing a sentence greater than necessary. Having considered all the factors set forth in § 3553(a), this Court has determined that a sentence below the applicable Career Offender Guideline range is warranted

in this case, but one substantially above the statutory minimum, thereby effectuating deterrence and providing punishment in connection with Merced's recidivism. Here, the sentence resulting from the Defendant's designation as a career offender is greater than necessary to achieve the purposes of *18 U.S.C. § 3553(a)*.

*Factor 1. Nature and Circumstances of the Offense. History and Characteristics of the Defendant.* The Defendant appears to have a harmonious 12 year relationship with his girl friend from whom he has one child. He appears to have made efforts to care for his child. These are positive attributes that one does not often see in such cases as this. This is particularly true here where his parents were drug users and there was apparently violence in the home. Merced has some positive qualities, notwithstanding that he is a recidivist small-time drug dealer.

An undercover officer arrested the defendant for selling 49.1 grams of crack to cocaine in exchange for $1,500. The nature of the crime of conviction and his priors, including his predicate crimes, do not indicate that Merced has been involved violent crimes, or gun-related crimes, or that he has moved large quantities of drugs. He is not a drug "trafficker" as that term is customarily used. Sentencing Tr. 78 (Feb. 24, 2009) (Beck: "[Defendant] is not … the main connect around here who is bringing in kilos of heroin or coke.").

*Factor 2. The Need for the Sentence Imposed.* Merced's prior punishments have not led him to depart from repeating the same offenses. However, as a low level street dealer, among those violating our drug laws, such criminals as Merced are the "most likely to be arrested and convicted since [they are] out on the street" and, therefore, they should have their prior "record of convictions … considered less significant than that of others in the distribution chain who do not expose themselves so readily to the risk of arrest and conviction." *See United States v. Williams*, 78 F. Supp. 2d 189, 193 (S.D.N.Y. 1999). Likewise, the longest continuous stretch of time he served in prison appears to be some 31 months[2]: just over one-third of the sentence the Court is considering here (that is, 92 months). *See* Beck & Romano Memo. at 11 n.8. Merced is a recidivist. Sentencing Merced to the statutory

---

[2] The Government has made a proffer as to 31 months. The Defense has made a proffer that the longest sentence served by Merced to date has been 29 months. The Court's analysis does not hinge on this difference, and the Court uses the Government's number throughout the remainder of this opinion for the simplicity of presentation.

-5-

minimum, as might be imposed on a first time offender, would not deter recidivism. But that hardly establishes that a sentence significantly greater than three times longer than any yet served is necessary to achieve deterrence and the other goals of Section 3553.

Application of the Career Offender Guideline would result in a sentence in excess of 15 years. The ratio between the Guidelines authorized sentence and time served under Merced's longest prior sentence is in excess of 6 to 1 (188 months versus 31 months). This disparity is noteworthy. *See United States v. Patzer*, 548 F. Supp. 2d 612, 616-17 (N.D. Ill. 2008) ("Courts have noted that a large disparity between the punishment prescribed by the career criminal designation and the time *served* for prior offenses might indicate that the career criminal sentence is in excess of that needed to accomplish the desired deterrent effect." (emphasis added)); *see also United States v. Mishoe*, 241 F.3d 214, 219 (2d Cir. 2001); *United States v. Serrano*, 2005 WL 1214314 (S.D.N.Y. May 19, 2005). Many courts have rejected such ratios as going beyond the needs of general deterrence of future criminals and specific deterrence or incapacitation of the defendant to be sentenced. For this reason many courts have rejected a mechanical application of the Career Offender Guideline even for criminals falling under literal application of the provision. *See United States v. Quallis*, 373 F. Supp. 2d 873, 876 (E.D. Wisc. 2005); *United States v. Phelps*, 366 F. Supp. 2d 580, 590 (E.D. Tenn. 2005); *United States v. Barksdale*, 2000 WL 980005, at *3 (S.D. Ohio June 5, 2000); *Williams*, 78 F. Supp. 2d at 194. This Court agrees with that view. The sentence the Court is considering here, some 92 months, is roughly three times longer than the longest sentence he has served. A 3:1 ratio is proportionate and rationale and serves the purposes announced in Section 3553(a). *United States v. Rivera*, 2006 WL 3432062 (S.D.N.Y. Nov. 29, 2006) (holding that a ratio in excess of 3:1 is too great a disparity and therefore rejecting a Guidelines sentence).

Balancing deterrence with the demand for a "sufficient, but not greater than necessary sentence," 18 U.S.C. § 3553(a), this Court determines that a Guidelines sentence is warranted, but one imposed absent use of the Career Offender Guideline. A Guidelines authorized sentence applying the Career Offender provision would expose the Defendant to punishment greater than what is necessary to deter recidivism. During his 92 month sentence, he will have an opportunity to receive drug treatment if he needs it and he may also have an opportunity to supplement his skills with further education, which the Court hopes may make it possible for him to find some legal work upon release. Rehabilitation is also a policy goal embraced by Section 3553. A sentence in excess of the one under consideration here may make it less likely that Merced could

reconnect with family in a meaningful way upon release. *United States v. Moreland*, 568 F. Supp. 2d 674, 686 (S.D. W. Va. 2008). Merced will be 33 on July 30, 2010. If the Court imposed a Guidelines sentence of 188 months, Merced would leave jail at the age of 48.

In terms of respect for law and order, a 92 months sentence represents a variance, but a seven year plus sentence is hardly "light." Respect for law and order would not be promoted by a Guidelines authorized sentence applying the Career Offender provision. Treating Merced identically with foreign drug kingpins posing flight risk or a "main connect" importing or distributing hundreds if not thousands of kilograms of drugs promotes inequity and disrespect for law as it appears irrational. *Moreland*, 568 F. Supp. 2d at 686.

*Factor 6. Sentencing Disparities*. The Court notes that treating Merced differently from other persons falling under the terms of the Career Offender Guideline as interpreted by appellate authority, *United States v. Whyte*, is arguably disparate treatment, but it is not unwarranted disparate treatment. *See Moreland*, 568 F. Supp. 2d at 688. He and his crimes are differently situated from criminals without substantial family ties, who have engaged in crimes of violence if not extreme violence, who have used guns in the commission of crimes, and who are major drug traffickers posing flight risk. *See United States v. Carvajal*, 2005 WL 476125, at *5 (S.D.N.Y. Feb. 22, 2005) (noting that "the Guidelines for Career Offenders are the same regardless of the severity of the [predicate] crimes, the dangers posed to victims' and bystanders' lives, and other appropriate criteria"). He is also differently situated from those offenders who have served lengthy terms for far more serious crimes in consequence of their prior convictions. *Moreland*, 568 F. Supp. 2d at 688 (noting that the "career offender guideline provision provides no mechanism for evaluating the relative seriousness of the underlying prior convictions").

In terms of "cliffs" relating to statutory minima, Merced is being treated less harshly than a wrongdoer who had transacted in excess of 50 grams of cocaine base. Such a wrongdoer would face a 10 year minimum, as opposed to the statutory minimum of 5 years for those transacting less than 50 grams but more than 5 grams of cocaine base. *See Merced*, 603 F.3d at 224 n.15.[3] In considering

---

[3] Even as Merced is sentenced, these statutory "cliffs" have been revised by Congress. The 50 gram minimum has become 280 grams. *See* Fair Sentencing Act of 2010, S. 1789, 111th Cong. §§ 2(a)(1),

-7-

this statutory distinction, the Court notes that the sentence the Court will impose here, 92 months, is significantly above the 60 month statutory minimum, but below the 120 month sentence that would have been imposed on Merced had he sold more than 50 grams of cocaine base. This seems correct, although the Court is not suggesting that a purely mechanical approach is appropriate, Merced did, in fact, sell less than 50 grams. He should get some benefit for transacting in an amount less than that requiring imposition of the greater punishment, that is, after all why punishments are staggered by amount. *United States v. Goff*, 501 F.3d 250, 258-61 (3d Cir. 2007).

The Court has also considered the remaining factors: the kinds of sentences available, due regard for the Guidelines and related policy statements (particularly those brought to the Court's attention by the parties' excellent briefing), and restitution. The Court is cognizant of Guideline § 4A1.3 and its commentary which notes the tendency of the Career Offender Guideline to overstate prior criminal history because the provision does not "take into account all the variations in the seriousness of criminal history that may occur." U.S.S.G. § 4A1.3 cmt. 3, Background.

In summary, for the reasons the Court has explained, the Court varies from the Guidelines. The Court will not apply the Career Offender provision, and the Court will make use of a 20:1 base-to-powder ratio.[4] The Court imposes sentence at the bottom of a Guidelines recommended range under those two constraints. Merced is sentenced to a term of imprisonment of 92 months.[5]

                                              Sincerely,

                                              s/ William J. Martini
                                              William J. Martini, U.S.D.J.

---

2(b)(1) (2010) (signed by the President on August 3, 2010).

[4] The new ratio is approximately 18:1. *Id*.

[5] The analysis in the Court's pre-remand sentencing colloquy is incorporated by reference with this letter opinion to the extent it is consistent with the Third Circuit's remand opinion.